UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



2008 APR -3 PM 2:28

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| v. | CR NO. CR408-62 |
| LOUELLA M. ZIEMAN, | Vio: 29 U.S.C. § 501(c)<br>Embezzlement and Theft of Labor Union Assets |
| Defendant. | 29 U.S.C. § 439 (c)<br>False Entries in Financial Records of Labor Union |

**THE GRAND JURY CHARGES:**

### COUNT ONE
### EMBEZZLEMENT AND THEFT OF LABOR UNION ASSETS
### (29 U.S.C. § 501(c))

1. At all times material to this Indictment, the Ironworkers Local Union 709, located at 409 Grange Road, Port Wentworth, Georgia, hereinafter referred to as Ironworkers Local 709, was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j).

2. At all times material to this Indictment, Defendant **LOUELLA M. ZIEMAN** was an employee as that term is defined in Title 29, United States Code, Section 402(f), that is, office secretary of Ironworkers Local 709. She was also directly employed by Ironworkers Local 709.

3. From on or about November 1, 2001, and continuing through and including February 28, 2004, in the Southern District of Georgia, Defendant **LOUELLA M. ZIEMAN**, defendant herein, did embezzle, steal, and unlawfully and willfully abstract and convert to her own use the moneys, funds, securities, property and other assets of Ironworkers Local 709 in the amount of $51,684.50, said sum consisting of cash paid by union members for the purpose of membership dues.

All in violation of Title 29, United States Code, Section 501(c).

# COUNT TWO
## False Entries in Financial Records of Labor Union
## (29 U.S.C. § 439(c))

**THE GRAND JURY FURTHER CHARGES:**

From on or about November 26, 2001, and continuing through and including February 27, 2004, in the Southern District of Georgia, Defendant **LOUELLA M. ZIEMAN**, while employed in a fiduciary capacity, to-wit: office secretary of Ironworkers Local 709, a labor organization engaged in an industry affecting commerce within the meaning of Sections 3(i) and 3(j) of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. Sections 402(i) and (j)) did willfully make false statements and representations of a material fact in a report required under the provisions of Title 29, United States Code, Section 431(b) to-wit, Labor Organization Monthly Reports, in that the defendant stated and represented in said reports that $51,684.50 in union membership dues had not been received, when in truth and fact, as the defendant well knew, such dues payments had been received, in violation of Title 29, Section 439(c), United States Code.

A True Bill.

_____
FOREPERSON

_____  _____
Edmund A. Booth, Jr.              Fred Kramer
United States Attorney            Assistant United States Attorney


_____  _____
James D. Durham                   Brian F. McEvoy*
Assistant United States Attorney  Assistant United States Attorney
Chief, Criminal Section


* Denotes Lead Counsel